UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Craig Johnson,

    Plaintiff,

vs.         REPORT AND RECOMMENDATION

Larry Almstead,

    Defendant.   Civ. No. 09-1045 (JRT/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff Craig Johnson for leave to proceed in forma pauperis ("IFP").  See, Docket No. 2.

The Plaintiff appears pro se, and in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendant.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that this action be summarily dismissed.

II. <u>Procedural and Factual Background</u>

The Plaintiff commenced this action by filing a three-page handwritten document entitled "Complaint," which is nearly indecipherable, as it does not contain any complete sentences or punctuation, and consists primarily of disjointed names, words, and phrases. Moreover, the "Complaint" does not bear any caption, it does not clearly identify any intended defendant(s),[1] and it does not meet any of the other elemental pleading requirements prescribed by Rules 8-11, Federal Rules of Civil Procedure. More significantly, the document does not present an intelligible narrative of the facts and circumstances purportedly giving rise to this action. Lastly, the document fails to identify the legal basis for this action, the basis for the Court's subject matter, or personal jurisdiction, and it fails to specify what relief, if any, the Plaintiff is seeking.

---

[1]The Clerk of Court has reasonably surmised that the Plaintiff is attempting to sue someone named Larry Almstead ("Almstead"), because that name appears in the space designated for the defendant's name on the civil cover sheet, as well as on the IFP Application. We follow the same supposition here, although there is nothing in the "Complaint" that so much as intimates what Almstead is accused of doing unlawfully.

III.  Discussion

An IFP Application will be denied, and the action dismissed, when a plaintiff has failed to state a claim on which relief may be granted.  See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).  Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's Complaint fails to state a legally cognizable cause of action.

To state a cause of action upon which relief can be granted, a complainant must allege a set of specific historical facts which, if proven true, would entitle him or her to legal redress against the named defendant(s), based upon a recognized legal principle or doctrine.  While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980), citing Nickens v. White, 536 F.2d 802, 803 (8th Cir. 1976), and Ellingburg v. King, 490 F.2d 1270 (8th Cir. 1974); see also, Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006)("'[T]he complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.'"), quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir.2002); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004)(Federal

Courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."), citing Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981)("[A] well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts[.]").

As noted, the Plaintiff's current submissions do not describe any specific historical facts or events, nor do they describe any possible legal grounds for filing a lawsuit in Federal Court. Therefore, we find that the Plaintiff has failed to state a cause of action on which relief can be granted and, as a result, we conclude that this case should be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii), and that the Plaintiff's IFP Application should be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1.    That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

  2. That the Plaintiff's Application to Proceed <u>in forma pauperis</u> [Docket No. 2] be denied, as moot.

Dated: May 12, 2009          *s/Raymond L. Erickson*
                 Raymond L. Erickson
                 CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 1, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 1, 2009,** unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.